UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO
CIVIL ACTION NO. 4:10CV-P6-M

DEBORAH BARRETT                                                                              PLAINTIFF

v.

DAVIESS COUNTY DETENTION CENTER                                          DEFENDANT

**MEMORANDUM OPINION**

Plaintiff Deborah Barrett commenced this action by filing a handwritten letter with the Court complaining about her conditions of confinement at the Daviess County Detention Center. Because Plaintiff did not file her complaint on the court-approved form or file an application to proceed without prepayment of the filing fee (or alternatively pay the $350.00 fee), the Clerk of Court issued a deficiency notice to Plaintiff directing her to complete and submit a 42 U.S.C. § 1983 packet (complaint form and application to proceed without prepayment of fees). The Clerk of Court gave Plaintiff thirty days to comply with the deficiency notice and warned her that her failure to do so would be brought to the attention of the Court. Over thirty days passed with no response from Plaintiff. Accordingly, on May 26, 2010, the Court entered an Order directing Plaintiff to either submit a prisoner application to proceed without prepayment of the filing fee or pay the fee in full. The Order was sent to Plaintiff at her address of record, the Daviess County Detention Center.

On June 2, 2010, the copy of the Court's Order was returned by the United States Postal Service. Apparently, Plaintiff is no longer incarcerated at the Daviess County Detention Center. Despite being transferred or released, Plaintiff has failed to update the Court with her new address. This evinces an intent on Plaintiff's part to abandon this action.

Although federal courts afford *pro se* litigants some leniency on matters that require legal sophistication, such as formal pleading rules, the same policy does not support leniency from court deadlines and other procedures readily understood by laypersons, particularly where there is a pattern of delay or failure to pursue a case. *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). "[T]he lenient treatment of pro se litigants has limits. Where, for example, a pro se litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan*, 951 F.2d at 110). Courts have an inherent power "acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962).

Upon review, Plaintiff's failure to comply with the Clerk's deficiency notice and the requirement to keep the Court updated with her address shows a failure to pursue this case. Therefore, by separate Order, the Court will dismiss the instant action.

Date:

cc: Plaintiff, *pro se*

4414.008